# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| KRISTOPHER NURGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO.: _____ |
| MICHAELSON GROUP, INC., | ) |
| and MICHAEL MOSES | ) |
| Defendant, | ) |
| _____ | ) |

## COMPLAINT

COMES NOW, Plaintiff, KRISTOPHER NURGE (Plaintiff), by and through the undersigned counsel, hereby sues Defendants, MICHAELSON GROUP, INC. (MGI), and MICHAEL MOSES (Moses) (collectively referred to as Defendants), for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 219, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provide that suit under the Fair Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

1

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendant resides in and/or does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this District.

### PARTIES

4. Plaintiff is a resident of the State of Florida and was an employee of Defendants in this District during the three (3) years before the date on which this Complaint was filed.

5. During the three (3) years before the date on which this Complaint was filed, Plaintiff was employed by Defendants to perform maintenance and carpentry work on Defendants' properties.

6. At all times material, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7. Defendant MGI is a Florida for profit corporation with a principal address of 12443 San Jose Boulevard, Suite 604, Jacksonville, Florida 32259.

8. Defendant Moses is the owner, president, and manager of MGI.

9. Defendant Moses is a Florida resident.

10. Defendants, individually and collectively, at all times material, are an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11. Defendant MGI manages and operates multi-family housing properties.

12. Defendant Moses controls MGI's day-to-day operations, and was Plaintiff's direct supervisor.

13. Defendant MGI, as part of its business, engages in interstate commerce by, but not limited to, providing its services in Florida, and other states, transacting business with foreign corporations which were part of interstate commerce, purchasing materials and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

14. Furthermore, Defendant MGI obtained, exchanged, and sent/received funds to and from of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15. Defendant MGI has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

16. Defendant Moses has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

17. Alternatively, collectively, Defendants have annual revenue of at least five hundred thousand dollars ($500,000.00) and are subject to the FLSA.

18. Defendant MGI controlled the day to day operations of the business and was actively involved in the day to day operations of the same, including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for services, and other business operations.

19. Defendant Moses controlled the day to day operations of the business and was actively involved in the day to day operations of the same, including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for services, and other business operations

20. Defendants supervised the operations of their business, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

21. Plaintiff was employed by Defendants to work in maintenance, and carpentry in or about October 2014, and continues to be employed by Defendant in that same position.

22. Plaintiff primary job duty, and responsibility was to, at the direction of Defendant Moses, provide general maintenance and carpentry labor to service Defendants properties.

23. At all times material herein, Plaintiff performed his job duties and responsibilities for Defendants in the Kissimmee, and Orlando area.

24. Defendants paid Plaintiff $18.00 per hour.

25. Plaintiff regularly worked more than forty (40) hours per week, but Defendant failed to pay Plaintiff an overtime premium.

26. Defendant Moses supervised, directed, and managed Plaintiff's work, including determining the nature and scope of the work, the volume of work, and the deadlines in which Plaintiff's work was to be completed.

27. Defendant suffered and permitted Plaintiff to work more than forty (40) hours per week without appropriate overtime pay.

28. Defendant has been aware, or should have been aware, that Plaintiff was entitled to an overtime premium for all hours worked in excess of forty (40) hours in a work week because Plaintiff is a non-exempt employee.

29. Defendants knew that Plaintiff was working overtime hours because they required Plaintiff to work overtime hours and/or were present during those hours.

30. Defendant Moses knew that Plaintiff was working overtime hours because he directed, and managed Plaintiff's work volume.

31. Although they had a legal obligation to do so, Defendants did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff.

## COUNT I – FAILURE TO PAY OVERTIME UNDER THE FLSA

32. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-one (31) above as if fully set forth herein.

33. Plaintiff was employed by Defendant to work in maintenance/carpentry during the three (3) year period immediately preceding the filing of the Complaint.

34. Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

35. Plaintiff was not exempt from receiving overtime compensation under the FLSA.

36. Plaintiff performed the essential duties required of him while employed by Defendants.

37. During the three (3) year period immediately preceding the filing of the Complaint, Plaintiff, at Defendants' insistence, regularly worked in excess of forty (40) hours per work week.

38. Defendants, at all times material, are an "employer" of the Plaintiff, and within the meaning of the FLSA, 29 U.S.C. § 203(d).

39. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

40. Defendants suffered and permitted Plaintiff to work more than forty (40) hours per work week during weeks within the statutory period without paying overtime compensation.

41. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) hours per work week.

42. By failing to accurately record, report, and/or preserve records of the hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA.

43. Defendants knew, or showed reckless disregard for the fact, that their failure to pay Plaintiff as alleged herein was in violation of the FLSA.

44. The actions of Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

45. Because of Defendants' actions, Plaintiff had to retain counsel, and is entitled to recover attorneys' fees and costs connected with this suit.

46. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff, KRISTOPHER NURGE, by and through undersigned counsel, pray for the following relief:

A. Declare and find that the Defendants committed one or more of the following acts:

 i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly-situated persons who opt-in to this action; and,

 ii. Willfully violated overtime provisions of the FLSA.

B. Judgment against Defendants in the amount of Plaintiff's unpaid overtime wages at the applicable overtime rate;

C.      Award liquidated damages on all compensation due accruing from the date such amounts were due;

D.      Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

E.      Award prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

F.      Grant leave to amend to add claims under applicable federal laws;

G.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

H.      For such further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated this 21st day of May, 2019.

*/s/Jeremiah J. Talbott*

Jeremiah J. Talbott, Esquire
FL Bar No. 015484
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, FL  32503
Phone: (850) 437-9600
Fax: (850) 437-0906
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorney for Plaintiff*